**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

IN THE MATTER OF THE ATTEMPTED COUNTY
INFRINGEMENT ON PRIVATE MINING CLAIMS

WILLIAM L. E. PUNCHARD II,

        Plaintiff/Counterdefendant,

        vs.                                                            No. CIV 98-0147 JC/RLP

LUNA COUNTY COMMISSION and
THE STATE OF NEW MEXICO,

        Defendants/Counterclaimants,

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER came on for consideration of Defendants' Amended Motion to Dismiss Complaint *(Doc. 12)* and Counterclaimants' Motion for Judgment on the Pleadings *(Doc. 22)*. The Court has reviewed the motions, Defendant/Counterclaimants' memoranda, the objections of Plaintiff Punchard and the relevant authorities. The Court finds that the motions are well taken and will be granted.

**Background**

Mr. Punchard has yet again filed a *pro se* complaint challenging the 1990 transfer by the United States government of its interest in certain land to Luna County. In essence, Mr. Punchard complains that this transfer constitutes "claim jumping" and somehow prejudices his ownership rights in certain mining claims. Other actions arising from the same 1990 land interest conveyance that have been filed in this court by Mr. Punchard against Defendants include:

➤ **CIV 94-0614 HB, filed June 3, 1994**

The Tenth Circuit affirmed the dismissal of the action without prejudice for failure to comply with service procedures. Punchard v. State of N.M., 69 F.3d 548 (Table), 1995 WL 638201 (Unpublished Disposition Oct. 31, 1995).

➤ **CIV 96-0201 M, filed February 13, 1996**

The Tenth Circuit affirmed the dismissal of the action without prejudice for yet again failing to perform proper service. Punchard v. Luna County Commission, 116 F.3d 489 (Table), 1997 WL 346032 (Unpublished Disposition June 24, 1997).

➤ **CIV 98-0786 SC, filed June 6, 1998**

The docket sheet for this pending case indicates that service has not been accomplished on original defendant State of New Mexico or the defendants added by the amended complaint filed August 24, 1998 (Luna County, Bureau of Land Management, Philip Allon and Desert Wilderness Coalition).

The present lawsuit was filed on February 4, 1998. In June of this year, I dismissed the action for failure to show good cause why service had not been effected on either of the defendants. I set aside that order of dismissal without prejudice as to Defendant State of New Mexico shortly after it waived service on June 25, 1998. Defendant Luna County, represented by the same counsel as the State, was evidently served the following month and has joined in the counterclaim and motion now under consideration.

**Analysis**

**I.   The Amended Motion to Dismiss the Complaint**

**A. Eleventh Amendment Immunity**

Because Plaintiff alleges violations of the Fourth and Fifth Amendments to the United States Constitution as well as state tort claims, the Court has federal question subject matter jurisdiction. Defendant State of New Mexico has properly asserted its Eleventh Amendment immunity to the

claims against it. Its immunity having been neither abrogated nor waived, all claims against the State will be dismissed without prejudice. Because Luna County is not considered an arm of the State for Eleventh Amendment purposes, the Court may address the merits of its motion to dismiss.

**B. Claims Brought Pursuant to 42 U.S.C. § 1983**

Insofar as the complaint asserts § 1983 claims against Luna County, Defendant is entitled to dismissal. Plaintiff alleges that the March 1990 quitclaim by the federal government to Luna County is the cause of his asserted injuries to his mining interests. The applicable three-year statute of limitations, N.M. Stat. Ann. § 37-1-8, obviously bars a § 1983 claim based upon events that happened eight years ago. Tolling could not apply since clearly Plaintiff was aware of his cause of action, if any, by Spring of 1994 when he filed his complaint in Cause No. CIV 94-0614 HB.

**C. State Tort Claims**

As a governmental entity, Luna County has immunity from suit for state torts unless the New Mexico Tort Claims Act ("the Act"), N.M. Stat. Ann. § 41-4-1 *et seq.*, provides otherwise. It is doubtful that the Act waives immunity for the property and economic loss alleged by Plaintiff. I need not reach that issue, however, because again, the state tort claims brought by Punchard are clearly barred by the applicable two-year statute of limitations contained in N.M. Stat. Ann. § 41-4-15. Moreover, Plaintiff has not alleged that he complied with the notice requirement of the Act found in N.M. Stat. Ann. § 41-4-16.

**D. Standing**

Finally, I am not at all sure that Plaintiff has standing to bring an action based upon the quitclaim deed. The United States conveyed only whatever interest it had in the relevant land to the county. If Mr. Punchard indeed has prior enforceable mining interests in the land that were properly

recorded, those interests would be unaffected by the quitclaim transfer. In short, Plaintiff's perception of injury to his interests by the execution of a quitclaim deed between other parties appears to be just that–a perception, not an injury in fact within the meaning of standing.

## II. Defendants' Motion for Judgment on the Pleadings as to the Counterclaim

The Amended Counterclaim seeks declaratory and injunctive relief to restrict Plaintiff's legal filings and access to the United States District Court for the District of New Mexico based upon his alleged litigation abuses. Counsel for the State of New Mexico asserts that the State waived proper service in this matter just "so that it could seek the Court's assistance to end the vexatious and duplicative filings by Mr. Punchard." Amended Counterclaim at ¶ 7.

Plaintiff has not filed an answer to the counterclaim, but did file a document entitled "Plaintiff's Objections to Defendant's Motion." Mr. Punchard does not dispute the accuracy of the factual allegations set forth in the counterclaim or the validity of the various pleadings and orders attached as exhibits. He incorrectly asserts that because of the State's waiver of proper service in the present action, "the case herein has only legaly [sic] been filed one time." Plaintiff's Objections at ¶ 5 (emphasis in original). Therefore, Plaintiff's argument that the Court must disregard other cases he has brought concerning these mining claims is without merit.

Mr. Punchard seems to argue that it is improper to address his litigation history in the context of the present litigation. He states that Defendants are "attempting to confuse and cloud the issues by prejudicing the plaintiff complaint with unrelated and foreign Mis-Information [sic]." Plaintiff's Objections at ¶ 5. Plaintiff believes that Defendants are attacking his "personality" when they should

be responding to his "claim jumping" allegations. In short, Mr. Punchard feels that as the plaintiff, he controls the litigation and that the counterclaim may not be entertained.

To the contrary, this Court has the authority to hold Mr. Punchard accountable for serious abuses of the judicial system and to fashion narrowly tailored relief.

> Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances. See Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir.1989). Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. See id. at 353-54.

Judd v. U.N.M., 149 F.3d 1190, 1998 WL 314315 at *3 (10th Cir. 1998) (unpublished decision).

"'[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" In re Winslow, 17 F.3d 314, 315 (10th Cir.1994) (quoting Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir.1989). When claims arising from a particular event are repeatedly and continually raised by a *pro se* litigant in related proceedings or other litigation, filing restrictions may be imposed to curb such abuses. DePineda v. Hemphill, 34 F.3d 946, 948 (10th Cir.1994).

As noted above, Plaintiff has filed four cases in this court based upon the 1990 quitclaim conveyance of land by the federal government to Luna County. Mr. Punchard failed to effectuate timely proper service in at least two, and perhaps in all of them. The Tenth Circuit has expended its time and energy in dealing with two appeals relating to dismissal of the 1994 and 1996 lawsuits because of Plaintiff's failure to comply with the rules of procedure regarding service of process.

In yet another case over which I presided, Cause No. CIV 96-1761 JC/JHG, Mr. Punchard filed a complaint as "Billy L. Edwards" and identifying himself as the "Chairman of the Divine Church

of God and Christ." Plaintiff contended that New Mexico's sale of land on which a gold mine was located constituted an unlawful taking. In fact, he had failed to pay the taxes on the land asserting that the land was tax exempt because of his status as chairman of the Church. An action setting forth the same claim was filed by Mr. Punchard in the Sixth Judicial District Court for the State of New Mexico, No. CV 95-155. As a result of that lawsuit, the State Court restricted Plaintiff's access to the state judicial system by imposing filing restrictions similar to those now requested by Defendants.

I dismissed Cause No. CIV 96-1761 on collateral estoppel grounds based on the Sixth Judicial District Court finding that the action was time barred. On appeal, the Tenth Circuit advised that Defendant Taxation & Revenue Department was an arm of the State of New Mexico and thereby entitled to Eleventh Amendment immunity. In the 1997 unpublished disposition, the panel also cautioned that "it appears Plaintiff Billy L. Edwards is attempting to represent the Church as an unlicensed layperson. Of course, an unlicensed layperson may represent himself and not another individual or artificial entity before a district court or before us." Divine Church of God and Christ v. Taxation & Revenue Dept., 1997 WL 355326 (10th Cir. 1997).

The above information supports the imposition of filing restrictions in several ways. When he filed the present lawsuit in 1998, Punchard was aware that Eleventh Amendment immunity prohibited suit against the State of New Mexico in federal district court and yet pursued the present claim against the State knowing that it was improper. Moreover, when he filed the action on behalf of the church entity in 1996, he must have known that he was engaging in the unauthorized practice of law since he had been convicted of that offense in 1982. See State of New Mexico v. Billy Edwards, 102 N.M. 413 (Ct. App. 1985) (reducing conviction from five counts to one count).

Yet another series of frivolous actions have been filed in state courts and in federal district courts for the Districts of New Mexico and West Texas. Even the Supreme Court has been asked to hear Plaintiff's claims of conspiracy related to his confinement in a mental hospital. Under such names and titles of "Mr. Billy Edwards," "William Punchard," "Crown Emperor" or "Crown Ambassador" of the "Royal Democratic State of Continental Africa Kingdom," Plaintiff argued that as the head of a foreign government, New Mexico had no right to charge him with crimes because of his "diplomatic immunity." In affirming dismissal of such action in this Court (Cause No. CIV 86-1200 M), the Tenth Circuit had no difficulty in finding such claims frivolous.

> As the Courts of Appeals have recognized, section 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Examples of frivolous claims are those 'describing fantastic or delusional scenarios . . . .' Id. at 328.

Punchard v. State of New Mexico, 1992 WL 19930 (10th Cir. 1992) (unpublished decision).

In sum, Mr. Punchard's history of filing repetitive, vexatious and frivolous claims cannot be ignored. The litigation history recited above and documented in the counterclaim has caused needless expenses to opposing parties and has diverted scarce judicial resources from addressing claims with merit. I agree with Defendants that the promulgation of meaningless, undecipherable lawsuits by Mr. Punchard must end. Based on Plaintiff's history of repetitive filings and abuse of the judicial process, I will impose restrictions on Plaintiff's future filings in this court "commensurate with our inherent power to enter orders 'necessary or appropriate' in aid of our jurisdiction" under 28 U.S.C. § 1651(a). Winslow v. Hunter (In re Winslow), 17 F.3d 314, 314-15 (10th Cir.1994).

Wherefore,

IT IS ORDERED that Defendants' Amended Motion to Dismiss Complaint *(Doc. 12)* and Counterclaimants' Motion for Judgment on the Pleadings *(Doc. 22)* be, and hereby are **granted**, and that a final judgment in compliance with Rule 58 will be entered.

IT IS FURTHER ORDERED that Mr. Punchard is absolutely barred from filing any further pleadings in this case. Further, he is absolutely barred from filing any further cases in the District of New Mexico, if they are against the named Defendants in this case and relating to the subject matter of this case or any other complaint he has previously filed in this Court. The Clerk of this Court shall return any such filings, unfiled, to Mr. Punchard. Moreover, this Court will not accept any further proceedings brought by Mr. Punchard relating to the parties and subject matter of this case. Consistent with the Tripati case, Mr. Punchard shall have ten days from the date of this order to file written objections, limited to fifteen pages, to these proposed sanctions. If Mr. Punchard does not file objections, the sanctions shall take effect twenty days from the date of entry of this order. If Mr. Punchard does file timely objections, these sanctions shall not take effect, if at all, until after this Court has ruled on his objections.

DATED this 10th day of November, 1998.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Plaintiff, appearing *pro se*: | William L. E. Punchard II<br>Deming, New Mexico |
| Counsel for Defendants: | Virginia R. Dugan<br>Simons, Cuddy & Friedman<br>Santa Fe, New Mexico |